UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUREECE STONE CLARK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY J. AHERN, et al., <br><br> Defendants. | Case No. 22-cv-06171-JSC <br><br> **ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff Loureece Stone Clark, a detainee at Napa State Hospital ("NSH") who is proceeding without an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against the Alameda County Sherriff's Department, the Alameda County Sherriff Gregory Ahern, and one other Defendant, named Al Kashikar.[1] (ECF No. 1 at 2, 4.) In an approximately six-month period, Plaintiff filed 12 cases in this court.[2] Plaintiff has been granted leave to proceed in forma pauperis ("IFP") in a separate order. For the reasons explained below, the complaint is DISMISSED.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek

---

[1] Unless otherwise specified, the term "Plaintiff" in this order refers to Loureece Stone Clark. There are two other plaintiffs: "Cooking for Kidz" and "Loureece Stone Clark Trust;" they are discussed below.

[2] *See Clark v. Goldstein, et al.*, No. C 22-2962 JSC; *Clark v. Bay City Auto, et al.*, No. C 22-4066 JSC; *Clark v. Internal Affairs Dep't. of Marin County Sherriff Dep't., et al.*, No. C 22-4972 JSC; *Clark v. Marin County District Attorney, et al.*, No. C 22-5557 JSC; *Clark v. Board of Equalization*, No. C 22-6169 JSC; *Clark v. Supervisors for Marin County*, No. C 22-6173 JSC; *Clark v. Medical Board of California, et al.*, No. C 22-6174 JSC; *Clark v. Commission on Judicial Performance, et al.*, No. C 22-6204 JSC; *Clark v. Alameda Cty. Dep't. of Child Protected Services, et al.*, No. C 22-6172 JSC; *Clark v. Global Tel*Link Corp., et al.*, No. C 22-6170 JSC; *Clark v. Marin County Sherriff's Dep't., et al.*, No. C 22-7295 JSC.

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties who are not represented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

The complaint sets forth the following claim, which is quoted in its entirety:

> The respondents['] false claim as a third party interloper without prejudice and willful failure to honor homeowners Title (Grant Deed), lease notarized and authorized by the Secretary of State [of] California and the Respondent(s) failure, refusal or neglect to produce court orders using color of law to forcefully evict and remove federal property for their own personal use. The court cannot order a person to move out of your residence or someone to

> move out of rental property that you own. Not only did I lose squatters rights for my disabled tenant, but also as a homeowner under a family trust with the title by the deputies and Al Kashikar and all unknown occupants without due process of law and discriminating and abandonment of the Constitution. I am entitled to relief and preliminary injunction for 21828 Redwood Rd. Castro Valley, California 94546 to eliminate any further injuries.

(ECF No. 1 at 2-3.)

A claim that is totally incomprehensible is frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989); *cf. Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis). Plaintiff's claim is wholly incomprehensible. The alleged "false claim" is unexplained, and the phrase "third party interloper without prejudice" is nonsensical. (ECF No. 1 at 2.) Plaintiff does not describe or identify what "federal property" Defendants allegedly removed, and if the property belongs to the federal government, it is not clear what right Plaintiff would have to it. (*Id.*) His allegations regarding real property in Castro Valley, California, "squatters rights," and the "eviction" of himself and/or others from residential and rental property are not sufficiently explained to be comprehensible. (*Id.* at 2-3.) Claims regarding real property are generally governed by state law, moreover, and Plaintiff's conclusory reference to "due process" without more is not sufficient to explain how evictions and/or property removal may have violated his rights under federal law.

In addition, as noted above, two plaintiffs are named in the complaint in addition to Plaintiff. However, Plaintiff does not mention these other plaintiffs in his claim or indicate how Defendants are liable to them under federal law. In a recent filing, Plaintiff submitted a grant deed indicating that Plaintiff Loureece Stone Clark Trust owns real property in San Leandro, California. (ECF No. 4 at 2-3.) How this property might relate to Plaintiff's claim, however, is unexplained. It is not clear what connection Plaintiff has, if any, to the plaintiff, "Cooking for Kidz." Moreover, Plaintiff cannot represent these plaintiffs in court proceedings unless he is a licensed lawyer, which he does not plead, and he does not allege facts showing that he can appear or sign pleadings for them.

In any event, because the complaint is incomprehensible, it is frivolous, and the Court

3

cannot discern how it could be cured by amendment.  *Cf. Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave need to amend need not be granted where it constitutes an exercise in futility).  Accordingly, the case is dismissed without leave to amend.

## CONCLUSION

For the reasons explained above, this case is DISMISSED without leave to amend.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  April 14, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge