UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUREECE STONE CLARK, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> GREGORY J. AHERN, et al., <br><br>  Defendants. | Case No. 22-cv-06171-JSC <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. No. 10 |

Plaintiff, a California prisoner proceeding without representation by an attorney, filed this civil rights case under 42 U.S.C. § 1983. The case was dismissed as frivolous. (ECF No. 7.) Plaintiff has filed "grounds" for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure, which the Court construes as a motion for relief from judgment under Rule 60(b). (ECF No. 10.)

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration should be limited to extraordinary circumstances; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Plaintiff has not alleged mistake, inadvertence, surprise or neglect in the dismissal order, presented newly discovered evidence, or shown fraud by Defendants or that the judgment is void or satisfied; nor has Plaintiff shown any other reason justifying relief from the judgment of

dismissal.

Plaintiff alleges:

> Defendant(s) Yesenia L. Sanchez, Alameda County Sherriff Dept., et al., and Al Kashikar received my conditional acceptance for value without prejudice for ten days for failure to state a claim for which relief can be granted. Defendants is liable for the taxes and debts for account no. [] etc. and is unlawfully holding me liable through adhesion contracts to answer is fraudulent inducement performing in bad faith with willful misconduct in their performance as a bonded servants. I need the request for validation of debt pursuant to 15 U.S.C. 1692(g) and to provide me with competent evidence that I have any obligation to legally pay the defendants with my wet ink signature/autograph.

(ECF No. 10 at 1.) Like the allegations in the complaint, these allegations are not comprehensible. (*See* ECF No. 7 at 3:5-17.) Yesenia Sanchez is not a Defendant, and it is not clear what "conditional acceptance of value" Plaintiff gave Defendants or how or why it was "dismissed." (*Id.*) Plaintiff does not explain, nor is it apparent, how or why any Defendant is liable for his taxes or "debts," what the "account number" he cites refers to, what "adhesion contracts" Defendants formed with him, what "fraudulent inducement," "bad faith," or "willful misconduct" Defendants engaged in, or how Defendants are "bonded servants." (*Id.*) Plaintiff cites to 15 U.S.C. § 1692g, which imposes disclosure requirements upon "debt collectors," but he does not explain which, if any, of the Defendants are debt collectors. (*Id.*) Consequently, the motion for reconsideration under Rule 60(b) is DENIED.

This order resolves docket number 10.

**IT IS SO ORDERED.**

Dated: February 6, 2024

JACQUELINE SCOTT CORLEY
United States District Judge